Filed 7/20/23  P. v. Scroggins CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONATHAN OLIVER SCROGGINS,<br><br>    Defendant and Appellant. | F084113, F084665<br><br>(Super. Ct. No. MF014273A)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

A jury convicted Jonathan Oliver Scroggins (appellant) of oral copulation or sexual penetration of a child 10 years of age or younger (Pen. Code,[1] § 288.7, subd. (b); count 1), lewd act on a child under the age of 14 years (§ 288, subd. (a); count 2), and possession of matter depicting a minor engaged in sexual conduct (§ 311.11, subd. (a); count 4). The trial court sentenced him to 15 years to life plus two years in state prison.

On appeal, appellant contends the trial court was unaware of its discretion to sentence him in accordance with newly enacted Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5) and Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1). He also claims the trial court erred in ordering restitution for relocation expenses to the victim's mother. We find no error. We affirm.

## BACKGROUND

We need not discuss the facts underlying appellant's conviction in detail because they are not relevant to this appeal. In short, while babysitting his sister's children, appellant orally copulated his four-year-old niece. During the ensuing investigation, officers searched appellant's computer and discovered numerous images and videos depicting young children engaged in sexual acts.

## DISCUSSION

### I. The Trial Court Was Aware of its Discretion to Sentence Appellant in Accordance with Assembly Bill No. 124 and Assembly Bill No. 518.

Appellant contends he must be remanded for resentencing in light of two recent changes to California sentencing law. Assembly Bill No. 124[2] added subdivision

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] During the 2021-2022 legislative term, three bills proposing changes to section 1170 in a variety of ways were introduced. They were Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5), Assembly Bill No. 1540 (Stats. 2021, ch. 719, § 2), and Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3). All three bills were passed by the Legislature in September 2021, and approved by the Governor and filed with the Secretary of State on

2.

(b)(6)(A) to section 1170, which makes the lower term presumptive where the defendant experienced "psychological, physical, or childhood trauma" that contributed to the offense. (§ 1170, subd. (b)(6)(A).) Assembly Bill No. 518 amended section 654 to give trial courts discretion not to impose the provision providing for the longest term of imprisonment. (§ 654, subd. (a).) Appellant argues the trial court was unaware of the scope of its sentencing discretion under these new laws.

We disagree. Appellant was sentenced months after Assembly Bill No. 124 and Assembly Bill No. 518 became effective. Thus, appellant forfeited his claims regarding the applicability of the new laws by failing to raise them at sentencing. Even if the claims were not forfeited, remand would be unwarranted, because nothing in the record suggests the court was unaware of its discretion.

## A. Background

Prior to appellant's sentencing hearing, defense counsel filed a sentencing memorandum requesting the court consider a probation sentence. In addition to the sentencing memorandum, appellant submitted several documents, including military records showing he served two years in the Air Force, academic records and awards, interviews of and statements from friends and family members, and a sex offender risk assessment report from a psychologist.

In his interview with the psychologist, appellant claimed that he was physically and psychologically abused by his mother and stepmother, and that he began suffering from mental health issues at the age of 23. Additionally, in statements to defense counsel

October 8, 2021. Senate Bill No. 567 bears the highest chapter number and is presumed to be the last of the three approved by the Governor. (Gov. Code, § 9510.) As such, Senate Bill No. 567 prevails over Assembly Bill No. 124. (Gov. Code, § 9605, subd. (b).) To the extent there are conflicts between the three bills, Senate Bill No. 567 takes precedence. (*In re Thierry S.* (1977) 19 Cal.3d 727, 738–739.) As to subdivision (b)(6)(A) of section 1170, however, the substantive language in Assembly Bill No. 124, Assembly Bill No. 1540, and Senate Bill No. 567 are not in conflict. For ease of discussion, we refer to Assembly Bill No. 124 rather than Senate Bill No. 567.

and letters to the court, appellant's sister and aunt stated appellant was raised in an abusive household and exposed to sexual conduct at a young age.

Appellant was sentenced on March 23, 2022. At sentencing, the court confirmed that it had received the above documents, and that it "read everything in detail."

Defense counsel argued that appellant's conduct, while serious, involved only a single act, and was not the "wors[t] of the wors[t]" with regards to sex offenses against children. He asked the court to consider appellant's upbringing, claiming the submitted materials show appellant had a "very dysfunctional youth," and was "exposed to sexual elements." He also noted appellant served in the military, attended college, and demonstrated remorse.

Prior to imposing sentence, the trial court expressed agreement that appellant came from a "very difficult childhood" and was remorseful. It also agreed that appellant's conduct was "not the wors[t] factual scenario for this type of crime or for these counts." It stated it did not believe appellant was an "evil guy," but that he "did some evil things."

The trial court sentenced appellant on count 1 to 15 years to life. On count 2, the trial court imposed the middle term of six years, but stayed sentence pursuant to section 654. On count 4, the trial court imposed the middle term of two years, to be served consecutively to count 1.

In imposing sentence, the trial court did not specifically address its reasons for imposing sentence on count 1 and staying count 2 pursuant to section 654, as amended by Assembly Bill No. 518. Defense counsel did not request the court do the opposite: impose sentence in count 2 and stay sentence in count 1. As to counts 2 and 4, the court stated it had considered "factors in mitigation and aggravation," and was imposing the middle term. The court and parties did not address the applicability of Assembly Bill No. 124; namely, whether appellant experienced "childhood trauma" that was a "contributing factor in the commission of the offense[s]." (§ 1170, subdivision (b)(6)(A).)

## B.     Standard of review

Sentencing decisions are subject to the abuse of discretion standard.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Hicks* (2017) 17 Cal.App.5th 496, 512.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).)  Thus, "[a]n abuse of discretion occurs when the trial court ... is unaware of its discretion." (*In re White* (2020) 9 Cal.5th 455, 470.)  However, "[a]bsent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*Gutierrez*, *supra*, 58 Cal.4th at p. 1390; see *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors."].)  The burden is on the party attacking the sentence to demonstrate an abuse of discretion occurred.  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) "To meet this burden, the [appellant] must 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.' " (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.)

Appellant suggests the appropriate standard of review is whether "the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez*, *supra*, 58 Cal.4th at p. 1391.) But this standard does not apply until it has been established that the trial court was unaware of its discretion, and the appellate court must determine if remand for resentencing is necessary.  (*Ibid.*)  The instant case does not involve a retroactive change in law after the defendant was sentenced, where it is clear the trial court was unaware of its discretion.  (See *Gutierrez*, *supra*, 58 Cal.4th at p. 1391; *People v. Flores* (2020) 9 Cal.5th 371, 431–432.)  Assembly Bill No. 124 and Assembly Bill No. 518 were both

5.

effective January 1, 2022, almost three months before appellant was sentenced.  Thus, we presume the trial court was aware of and applied the law as amended, and it is appellant's burden to prove otherwise.

### C. Forfeiture

As a threshold matter, respondent contends appellant forfeited his claims that the trial court was unaware of the scope of its sentencing discretion by failing to object or otherwise raise the issues at sentencing.  We agree.  "[C]laims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" are subject to forfeiture and cannot be raised for the first time on appeal.  (*People v. Scott* (1994) 9 Cal.4th 331, 353.)  This includes "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons."  (*Ibid.*)

Here, appellant did not request the trial court impose sentence on count 2, the shorter of the two terms, and stay sentence on count 1 pursuant to section 654, subdivision (a).  Nor did he argue he was entitled to the presumptive lower term on counts 2 and 4 based on his "psychological, physical, or childhood trauma."  (§ 1170, subd. (b)(6)(A).)  Accordingly, his sentencing claims are forfeited.

### D. Assembly Bill No. 518

Prior to the enactment of Assembly Bill No. 518, section 654, former subdivision (a) required that a defendant who committed an act punishable by two or more provisions of law be punished under the provision that provided for the longest possible term.  (Stats. 1997, ch. 410, § 1.)  Effective January 1, 2022, Assembly Bill No. 518 amended section 654, subdivision (a) to permit an act or omission punishable under two or more provisions of law to "be punished under either of such provisions."  In other words, Assembly Bill No. 518 amended section 654, subdivision (a), to give trial

6.

courts discretion not to impose the provision providing for the longest term of imprisonment.

Appellant contends that the record does not clearly indicate that the trial court was aware of its discretion under section 654 to stay count 1, the indeterminant term of 15 years to life, and instead impose sentence for count 2, a determinate term of six years. He argues the trial court did not "clearly opine that a life term fit appellant's crime," which suggests it was unaware of its ability not to impose sentence on count 1.

Appellant's argument is based on the incorrect assumption that the record must affirmatively show the trial court was aware of its discretion under section 654 as amended. As we explained above, the burden is on appellant to " 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.' " (*People v. Lee*, *supra*, 16 Cal.App.5th at p. 866.) Nothing in the record suggests the trial court believed it was compelled to impose sentence as to count 1 instead of count 2. Absent affirmative evidence to the contrary, we presume the trial court understood its sentencing discretion, and appellant has not met the burden of showing an abuse of discretion occurred.

### E. Assembly Bill No. 124

Assembly Bill No. 124 amended section 1170 by adding paragraph (6) to subdivision (b), which provides, in pertinent part: "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

7.

Appellant argues the record does not show the trial court was aware of its obligation under Assembly Bill No. 124 to consider evidence of trauma. He argues that had the trial court considered such evidence, it would have concluded imposition of the low term on counts 2 and 4 was "both appropriate and required."

Appellant again applies the wrong standard of review. The record shows the trial court read and considered all evidence and documents presented to it. Prior to sentencing, the court confirmed it had reviewed all the materials submitted by appellant. Nothing in the record affirmatively shows the court was unaware of Assembly Bill No. 124 or section 1170, subdivision (b)(6)(A). Although the materials provided by defense counsel suggest appellant may have had an abusive childhood, the extent of such abuse or trauma was not fleshed out in detail, and appellant made no effort to show that it contributed to the commission of the offense. Thus, on this record we presume the trial court found section 1170, subdivision (b)(6)(A) was inapplicable and did not address it on the record because it was not raised by counsel. Given this presumption, appellant has not met the burden of affirmatively showing the court abused its discretion.

Appellant also suggests the trial court was unaware of section 1170.91, subdivision (a), which requires a sentencing court to consider whether a defendant was "suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the defendant's military service." But like Assembly Bill No. 124 and Assembly Bill No. 518, section 1170.91, subdivision (a) was effective long before appellant was sentenced. (Stats. 2014, ch. 163, § 2, eff. Jan. 1, 2015.) Thus, the same presumption that the trial court was aware of section 1170.91, subdivision (a) applies. (See *People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1390.) Nothing in the record suggests the trial court believed section 1170.91, subdivision (a) was inapplicable to appellant. Moreover, while defense counsel

8.

referenced appellant's military service at sentencing, he did not claim appellant's mental health issues were the result of said military service.

Based on this record, appellant has not demonstrated the trial court was unaware of the scope of its sentencing discretion. We, therefore, conclude no abuse of discretion occurred, and appellant's sentencing claims lack merit.

## II. The Trial Court did not Abuse its Discretion in Awarding Relocation Expenses to the Victim's Mother.

At a restitution hearing following trial, the trial court awarded the victim's mother $3,919.97 in relocation expenses. Appellant contends this portion of the restitution order must be stricken because there was insufficient evidence that the expenses were "verified … by a mental health treatment provider to be necessary for the emotional well-being of the victim." (§ 1202.4, subd. (f)(3)(I).) We conclude that the victim's mother's testimony that her therapist told her it would be best to move to a new residence when she is able was sufficient to satisfy the verification requirement.

### A. Background

The trial court held the restitution hearing in July 2022, approximately four months after appellant was sentenced. The People called the victim's mother as a witness. She testified that she was requesting restitution for various expenses and losses, including relocation expenses. She stated she had not moved yet because she could not afford it and was waiting for "Section 8," but that her goal was to move by the end of the year. She believed relocation was necessary because her children experienced trauma in their current residence and expressed they no longer felt safe living there.

On cross-examination, defense counsel asked the victim's mother if she had spoken with "a psychologist or mental health expert about relocating." The victim's mother replied she had spoken with her "recovery coordinator."

9.

On redirect, the victim's mother clarified that the recovery coordinator is a "therapist-type counselor." She explained that she told the recovery coordinator that her family no longer felt comfortable in their residence because it is a "constant reminder" of appellant's conduct. The recovery coordinator responded that relocation "would be the best bet."

The trial court awarded the requested relocation expenses over appellant's objection, reasoning: "[The victim's mother's] testimony that there was a mental health person that recommended it or suggested it along with the facts of the case and kind of the dynamics in that house or apartment makes sense, and I believe that's an appropriate amount."

### B. Standard of Review

"Section 1202.4, subdivision (f) provides for a direct restitution order 'in every case in which a victim has suffered economic loss as a result of the defendant's conduct.' " (*People v. Brasure* (2008) 42 Cal.4th 1037, 1074.) Section 1202.4, subdivision (f)(3)(I) authorizes restitution for "[e]xpenses incurred by an adult victim in relocating away from the defendant, including, but not limited to, deposits for utilities and telephone service, deposits for rental housing, temporary lodging and food expenses, clothing, and personal items." However, such expenses must be "verified by law enforcement to be necessary for the personal safety of the victim or by a mental health treatment provider to be necessary for the emotional well-being of the victim." (§ 1202.4, subd. (f)(3)(I).)

A criminal defendant "has the right to a hearing before a judge to dispute the determination of the amount of restitution." (§ 1202.4, subd. (f)(1).) The applicable standard of proof is preponderance of the evidence. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

"We review a restitution order for abuse of discretion." (*People v. Mearns* (2002) 97 Cal.App.4th 493, 498.) Abuse is established only if the trial court's decision is arbitrary or capricious (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1382) or is based on a demonstrable error of law (*People v. Jennings* (2005) 128 Cal.App.4th 42, 49). "In reviewing restitution orders, we do not reweigh the evidence or make credibility decisions. Our review is to determine whether there is sufficient evidence to support the inferences made by the trial court." (*People v. Baudoin* (2022) 85 Cal.App.5th 1184, 1191.) "A victim's restitution right is to be broadly and liberally construed." (*People v. Mearns*, *supra*, 97 Cal.App.4th at p. 500.)

## C.    Analysis

Appellant argues the testimony of the victim's mother was insufficient to establish that the relocation expenses were "verified" within the meaning of section 1202.4, subdivision (f)(3)(I). He notes the recovery coordinator was not called as a witness, her qualifications were not established, and she did not personally attest that she believed relocation was necessary.

Nothing in section 1202.4 requires the People to make such an evidentiary showing. "[T]he verification requirement serves simply to confirm the necessity of [the] expenses," and to prevent "abusive or improper requests." (*People v. Baudoin*, *supra*, 85 Cal.App.5th at pp. 1195–1196.)

Here, the victim's mother testified that she spoke with the recovery coordinator, who agreed that relocation was necessary for the mental health of the victim and her family. The trial court's ruling demonstrates it found the victim's mother's testimony credible. It is not our role to second-guess the trial court's credibility determinations or reweigh the evidence. (*People v. Baker* (2005) 126 Cal.App.4th 463, 468–469.) Moreover, appellant did not object to the admissibility of the victim's mother's testimony describing her conversation with the recovery coordinator. In fact, defense counsel was

11.

the first to ask the victim's mother about speaking with a mental health professional about relocation. Therefore, our review for an abuse of discretion reveals the trial court did not err in awarding relocation expenses.

## **DISPOSITION**

The judgment is affirmed.

LEVY, J.

WE CONCUR:


HILL, P. J.


MEEHAN, J.